CHASE NATIONAL BANK- OF THE CITY OF NEW YORK et al., Individually and as Successor Trustees under Certain Trust Deeds, Respondents, v. WILLIAM C. KELLY, II, et al., Respondents; JUNE M. GRACE et al., Appellants, et al., Defendants.

Judgment so far as appealed from affirmed, with costs to the respondents payable out of the funds.

DORE, J. (dissenting). The learned Special Term has held each of the four original trusts has now become two separate trusts, one for each of the two present life beneficiaries, thus making eight trusts, and that each of these separate trusts is further subdivided into two additional separate trusts, one of corpus only and the other of accumulated and reinvested income only, thus making a total of sixteen trusts. Special Term also held that the infant appellants have no remainder interests in the eight invested income trusts but that such trusts belong " absolutely and irrevocably " to the present life beneficiaries.

This latter ruling seems to violate the provisions of paragraph 12 (c) in the first of the four trusts (Exhibit A) and corresponding provisions in each of the other four original trust deeds. Paragraph 12 (c) reads as follows: " (c) If any child of said Garrard E. Kelly shall die before the termination of the Trust as to him or her, leaving lawful issue him or her surviving, the interest of such decedent in the Trust Estate shall be held for

the use and benefit of such issue, share and share alike *per stirpes*." As applied to the present state of facts, that means that if either of the present life beneficiaries shall die before termination of his trust, leaving issue, the interest of such decedent must be held for the use and benefit of the issue. Such "interest" of the decedent does not merely mean the principal only but necessarily includes accumulated and reinvested income in his trust. If accumulated invested income is part of the whole, the remainder interests attach to the whole trust. Accordingly, to hold that the infant remaindermen have no interest whatever in the eight invested income trusts ignores or excides from the trust deeds the above-mentioned clauses.

This conclusion is supported by the provisions of paragraph 10 in the first of the original trusts and similar provisions in each of the others. Paragraph 10 provides that any after-born child shall be entitled to have held for his use and benefit "a part of the Trust Estate as it shall exist at the birth of such child, *including income reinvested or held* by the Trustees * * *." (Italics mine.) Accumulated income is accordingly an appendage of principal of each trust and not a separate fund.

Finally, each of the trusts provides that the "property * * * conveyed * * * and any accumulation thereof from investment of income" shall be held, one half for the use of the first life beneficiary "and his *successors* in right," and one half for the use of the second life beneficiary "and her *successors* in right". (Italics mine.) The infant remaindermen are such "successors" and have in the corpus of the trusts interests which ordinarily include a remainder interest in income already accumulated and reinvested.

Under the terms of these trusts there can be no fatal objection to holding that each of the original four trusts was on the death of the primary beneficiaries to be separated into two separate trusts, one for each of the two present life beneficiaries, making eight trusts in all. But the above-quoted clauses of the trust deeds and especially article twelve, paragraph 12 (c) and its corresponding articles in the other trusts, do not permit further separation of each of the eight trusts into two additional separate trusts, one of corpus only and the other of accumulated income belonging absolutely to present life beneficiaries. These provisions of the judgment it seems to me erroneously cut off the infant remaindermen who on the death of the present life beneficiaries before termination of the trusts are entitled to receive for their use and benefit "the interest of such decedent in the Trust Estate". Neither the trustees' brief nor defendants-respondents' brief meets the issue raised by this remainder clause.

Accordingly, I dissent in part to the extent above indicated.

Martin, P. J., Townley, Glennon and Cohn, JJ., concur in decision; Dore, J., dissents in opinion.

Judgment so far as appealed from affirmed, with costs to the respondents payable out of the funds. No opinion.